## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **HARRY LEE BOUDREAUX** | **CIVIL ACTION NO. 6:17-0517** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **U.S. FRAMING, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is the Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 116] filed by defendant Javier Hernandez (Hernandez). Plaintiff Harry Lee Boudreaux ("plaintiff") opposes the motion [Doc. 122], as does the intervenor Louisiana Construction & Industry Self-Insurers Fund ("The Fund"), which seeks to assert its rights as Boudreaux's workers compensation carrier [Doc. 124].[1] Hernandez filed a reply brief [Doc. 134]. For the reasons that follow, the undersigned recommends that the motion to dismiss for lack of personal jurisdiction be GRANTED, and that the claims of the plaintiff and the intervenor against Javier Hernandez be DENIED AND DISMISSED WITHOUT PREJUDICE.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit arises out of a construction site accident wherein plaintiff Harry Lee Boudreaux allegedly sustained injuries while working on an apartment

---

[1] In its brief, the Fund adopts the reasoning set forth in the plaintiff's brief.

building project in Lafayette, Louisiana on August 22, 2016. In his original Complaint, Boudreaux alleged he was working in his capacity as an employee of DeMar Staffing and was assisting a co-worker with making repairs to a fence at the apartment complex, while employees of U.S. Framing were installing roof decking at the same apartment complex. Plaintiff alleges that while he was working, a piece of oriented strand board fell from the roof of Building 5, striking him in the back and injuring him.

The plaintiff sued U.S. Framing, Inc. ("U.S. Framing") in the Fifteenth Judicial District Court for the State of Louisiana. U.S Framing removed the matter to this Court on the basis of diversity jurisdiction on April 11, 2017. Thereafter, on June 9, 2017, Boudreaux amended his complaint to add CJR Framing, along with CJR's alleged insurer, Rockingham Ins. Co., and Grange Mutual Casualty Co., the alleged insurer of U.S. Framing. In his First Amended Complaint, Boudreaux alleges CJR Framing was one of U.S. Framing's subcontractors that was installing the roof decking at Building 5 that allegedly injured him. Subsequently, Louisiana Construction & Industry Self Insurers Fund ("the Fund") filed a Complaint of Intervention, seeking to assert its rights, if any, as Boudreaux's workers' compensation carrier.

Thereafter, on February 8, 2018, the plaintiff amended his Complaint again, to

add as defendants Raul Hernandez, Javier Hernandez, Carmen Hernandez, and Humberto Hernandez, all corporate officers and/or construction site supervisors of the defendant corporation CJR Framing, Inc.[2]  The motion before the Court was filed by Javier Hernandez, who has been sued for his direct negligence and in his capacity as the Secretary and member of the Board of Directors of CJR Framing, Inc. Hernandez now seeks to dismiss the claims against him on grounds this Court does not have personal jurisdiction over him.

## II. LAW AND DISCUSSION

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'care, Ltd. v. Insta–Mix, Inc*., 438 F.3d 465, 469 (5th Cir. 2006).  The plaintiff bears the burden in the instant case of establishing the personal jurisdiction of this Court over Hernandez.

When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Guidry v. U.S. Tobacco, Co., Inc*., 188 F.3d 619, 625 (5th Cir. 1999).  "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the

---

[2] *See* Amended Complaint, Doc. 95.

3

facts must be resolved in favor of the plaintiff[ ] for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery. *Id.*

"Jurisdiction may be general or specific." *Mullins v. Testamerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009), *citing Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir.2008). Specific jurisdiction exists when the plaintiff's claim against the non-resident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir.2000), *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In contrast, general jurisdiction requires the defendant to have maintained "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2)

4

the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Dalton v. R&W Marine, Inc*., 897 F.2d 1359, 1361 (5th Cir. 1990). In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (reversed in part on other grounds), *citing* La. R.S. 13:3201(B). "The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to "the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 5th Cir. 2012).

A court may exercise personal jurisdiction over a non-resident defendant when "(1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) *quoting Int'l Shoe*, 326 U.S. at 316.

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific personal jurisdiction exists (1) when a defendant has purposely

directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA,* 310 F.3d 378, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990).

## A.  Specific jurisdiction analysis

Specific personal jurisdiction exists (1) when a defendant has purposely

6

directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA,* 310 F.3d 378, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). As the Court stated in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (U.S. 2011):

> Specific jurisdiction . . . depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction."

(internal citations omitted).

After careful analysis of the arguments and record in this matter, the undersigned concludes that plaintiff fails to establish that this Court has specific jurisdiction over Hernandez. Hernandez has not purposefully directed his activities toward Louisiana or purposefully availed himself of the privileges of conducting activities in Louisiana. Plaintiff does not dispute that Hernandez lives and works in Texas. Additionally, there are no allegations that Hernandez maintains any residences in Louisiana, maintains any financial accounts in Louisiana, receives mail in Louisiana, travels to Louisiana, or otherwise personally conducts any business in

Louisiana.

A close look at the allegations contained in the Second Amended Complaint reveals that such allegations do not precisely state a connection between Hernandez and the state of Louisiana. The Second Amended Complaint alleges:

V.

At the time of the accident in question, Javier Hernandez was the Secretary and a member of the Board of CJR Framing, Inc.

[ . . . ]

X.

At the time of the accident in question, as officers and principals of CJR Framing, Inc.,Raul Hernandez, Javier Hernandez, Carmen Hernandez, and Humberto Hernandez had direct control over their employees, crew members, agents, laborers, hired hands and/or workers and their actions.

[ . . . ]

XII.

Through the officers', principals',and lead foreman's failure to direct, instruct, supervise, and implement proper safety precautions, their employees, crew members, agents, laborers, hired hands/or workers allowed a piece of oriented strand board (OSB) to either be thrown, slide or fall off of the roof of Building 5 which was being constructed at the time of the accident, striking Harry Boudreaux and injuring him.

XIII.

Raul Hernandez, Carmen Hernandez, Javier Hernandez, and

Humberto Hernandez are directly negligent in that they failed to instruct, direct, and supervise their employees, crew members, agents, laborers, hired hands and/or workers during their construction of roof decking at the Polly Lane Apartments on the day of the accident.

XIV.

Raul Hernandez, Carmen Hernandez, Javier Hernandez, and Humberto Hernandez are directly negligent in that they failed to provide and implement the proper safety precautions with their employees, crew members, agents, laborers, hired hands and/or workers regarding the construction roof decking at the Polly Lane Apartments.[3]

In his opposition brief, the plaintiff argues that these pleadings, along with the US Framing billing invoice reflecting work performed at Polly Lane Apartments by CJR Framing, Inc. as a subcontractor of U.S. Framing, from July 14, 2016 through December 1, 2016, show that Javier, both individually and as an officer of CJR, was directly involved in consistent work at the Polly Lane Apartments in Lafayette, LA for at least a 5 month span. Plaintiff contends that this was not a random activity in Louisiana, but was consistent construction of an apartment complex located in Lafayette, LA for 5 months. Plaintiff submits that these pleadings indicate that Javier was not only present in Louisiana throughout July 14, 2016 to December 1, 2016, but in particular, the day of Boudreaux's accident on August 22, 2016.[4]

The undersigned's review of the record shows that in response to the Motion

---

[3] *See* Amended Complaint, Doc. 95, at ¶¶XIII & XIV.

[4] *See* Memorandum in Opposition to Motion to Dismiss, Doc. 122, at p. 2.

to Dismiss for Failure to State a Claim, filed by Rockingham Insurance [Doc. 54], plaintiff attached what appears to be an invoice for carpentry and framing services performed by CJR for U.S. Framing at the Polly Lane Apartment complex. Contrary to Plaintiff's contention, however, the referenced invoice establishes no connection between Hernandez and the forum state, and indeed, does not even mention Hernandez at all. No other invoices evidencing any activity specifically directed by Javier Hernandez to the forum state were located in the record.

Furthermore, the pleadings in this matter do not contain any specific allegations of direct contact between Hernandez and the state of Louisiana, only that Hernandez, along with the other corporate officers of CJR Framing, failed to instruct, direct, and supervise employees and failed to implement safety precautions with employees during and regarding the construction of roof decking at the Polly Lane apartments. In contrast, the plaintiff has alleged specific contacts between *Raul Hernandez* and the forum state. In the Second Amended Complaint, the plaintiff alleges:

III.

At the time of the accident in question, Raul Hernandez was the lead foreman for CJR Framing, Inc. for the construction of the Polly Lane Apartments in Lafayette, LA, and had direct control and responsibility over his employees, crew members, laborers, hired hands and/or workers and their actions.[5]

---

[5] *See* Second Amended Petition for Damages, Doc. 95, at ¶III.

10

Moreover, in the proposed Third Amended Complaint, attached to the plaintiff's Motion to Amend filed on June 13, 2018 [Doc. 137], and which is simultaneously ordered to be filed into the record, albeit under a separate order, the plaintiff makes the following allegations with respect to Raul Hernandez:

I.

Raul Hernandez, a person of the full age and majority and a resident of the State of Texas, who at all times herein, who in his personal individual capacity, contracted with defendant, U.S. Framing, Inc., for construction contracts, including a construction contract for work in Lafayette, LA.

[ . . . ]

III.

On or about April of 2016, Raul Hernandez and Carmen Hernandez personally and individually entered into a construction contract with U.S. Framing, Inc. for the framing work in the construction of all the buildings located at the Polly Lane Apartments in Lafayette, LA.

IV.

In furtherance of said contract, Raul Hernandez was superintendent of the job site for Polly Lane Apartments, and Raul Hernandez worked at the Polly Lane Apartments in Lafayette, LA under the contract. Raul Hernandez acted as superintendent of his workers and employees under the contract with U.S. Farming, Inc.

V.

In furtherance of their contract with U.S. Farming, Inc., Raul Hernandez and Carmen Hernandez provided workers and equipment at

the Polly Lane Apartments in Lafayette, LA to perform framing operations at the worksite.[6]

The allegations of specific activity directed to the forum state are alleged against *Raul Hernandez*, not Javier Hernandez. The plaintiff could have alleged specific contacts between Javier Hernandez and the forum state in the same manner he alleged specific contacts between Raul Hernandez and the forum state, but he did not do so. Specific jurisdiction requires a showing that the defendant has purposely directed his activities, or availed himself of the privileges of conducting his activities, toward the forum state, and that the controversy arises out of or is related to those activities. The allegations against Javier Herandez in the Amended Complaint, Second Amended Complaint, and Third Amended Complaint do not satisfy this requirement.

While the undersigned acknowledges that jurisdictional allegations must be accepted as true, the undersigned notes that only *uncontroverted* jurisdiction allegations are taken as true. As the court stated in *Johnston v. Multidata Sys. Int'l Corp.*:

> Moreover, on a motion to dismiss for lack of jurisdiction, ***uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of***

---

[6] *See* Doc. 137-1, attachment to Motion to Amend, Doc. 137, at ¶¶ I, III-V.

>   *determining whether a prima facie case for personal jurisdiction exists.*

523 F.3d 602, 609 (5ᵗʰ Cir. 2008) (emphasis added) (internal citations omitted).  Here, the Court is not faced with competing affidavits or any *controverted issues of fact* that are supported with evidence.  While the plaintiffs argue the existence of "payments and invoices" that they argue prove Hernandez was present in Louisiana on the job site, the invoice located by this Court in the record simply does not show a connection between Hernandez and the forum state.

The Court is mindful that *the burden is on the movant seeking to establish jurisdiction* to actually establish that jurisdiction exists.  In *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, the Fifth Circuit explained:

> Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for specific jurisdiction has been presented.  Establishing a prima facie case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state. See Burger King, 471 U.S. at 474, 105 S.Ct. 2174 ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."); Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1079 (10th Cir.1995) ("[T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."); IMO Indus., Inc. v. Kiekert, A.G., 155 F.3d 254, 263 (3d Cir.1997); ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625–26 (4th Cir.1997), cert. denied, 523 U.S. 1048, 118 S.Ct. 1364, 140 L.Ed.2d 513 (1998).

253 F.3d 865, 868 (5ᵗʰ Cir. 2001).  *See also Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5ᵗʰ Cir. 2006) ("This Court is also mindful that the plaintiff bears the burden of proving that jurisdiction exists.") .

Considering the foregoing, and after consideration of the applicable jurisprudence and the record before the Court, the undersigned finds that no specific jurisdiction exists in this case.

### B. General jurisdiction analysis

This Court similarly lacks general jurisdiction over Hernandez.  General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609–10 (5ᵗʰ Cir. 2008), *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).  The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5ᵗʰ Cir.2001) (citation omitted).  "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction ...." *Johnston*, 523 F.3d at 610, *citing Revell v. Lidov*, 317 F.3d 467, 471 (5ᵗʰ Cir.2002) (citations omitted).  "Random, fortuitous, or

14

attenuated contacts are not sufficient to establish jurisdiction." *Johnston*, 523 F.3d at 610, *citing Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir.2007) (citation omitted).

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir.1999). The contacts must be reviewed in toto, and not in isolation from one another. *Holt Oil & Gas Corp. v. Ha*rvey, 801 F.2d 773, 779 (5th Cir.1986); *see also Religious Tech. Ctr.*, 339 F.3d at 374 ("None of the activities individually constitutes a substantial or meaningful contact with Texas, Texas law, or Texas residents, and certainly considered in toto they fail to amount to continuous and systematic contact with Texas such that general jurisdiction is created."). But vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir.1999).

Review of the record in this matter shows that Hernandez does not have sufficient contacts with the forum state to demonstrate continuous and systematic contact with Louisiana. Hernandez lives and works in Texas, does not maintain any financial accounts in Louisiana, does not receive mail in Louisiana, does not travel

to Louisiana, and does not conduct any business in Louisiana. Furthermore, no *evidence* of *any* specific contacts between Hernandez and the forum state has been provided to the Court. Therefore, the undersigned finds that general jurisdiction does not exist in this case.

Because the plaintiff fails to demonstrate the existence of either specific or general jurisdiction, this Court need not make a finding as to whether the "fairness" prong of the jurisdictional inquiry is satisfied. However, out of an abundance of caution, the undersigned specifically finds that the exercise of jurisdiction over Hernandez would not be fair, just, or reasonable given that Hernandez lives and works in Texas, and there are no allegations of conduct personally performed by Javier Hernandez in Louisiana that would demonstrate personal jurisdiction.

Based on the foregoing, the undersigned concludes the plaintiff fails to establish a *prima facie* case of personal jurisdiction over Hernandez.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 116] filed by defendant Javier Hernandez (Hernandez) be GRANTED, and that the claims of the plaintiff and the intervenor Louisiana Construction & Industry Self-Insurers Fund against Javier Hernandez be DENIED AND DISMISSED WITHOUT PREJUDICE.

16

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th  Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 23rd day of August, 2018.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**