# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**HARRY LEE BOUDREAUX**     **CIVIL ACTION NO. 6:17-0517**

**VERSUS**     **JUDGE ROBERT G. JAMES**

**U.S. FRAMING, ET AL.**     **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM RULING AND ORDER

Before the Court is the Motion to Amend [Doc. 137] filed by plaintiff Harry Lee Boudreaux. The motion seeks leaves to file a Third Amended Complaint clarifying claims against existing defendants. Although the motion states it is opposed by defendant Javier Hernandez, no formal opposition brief has been filed. For the following reasons, the motion is GRANTED.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Under Rule 15(a), leave to amend should be "freely given when justice so requires."[1]

---

[1] Rule 15(a) provides:

(a) Amendments Before Trial.

    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

        (A) 21 days after serving it, or

        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) Other Amendments. In all other cases, a party may amend its pleading only

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.... In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

It is well-settled in the Fifth Circuit that leave to amend a complaint, even after an answer has been filed in a matter, should be freely given. In *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597-98 (5th Cir.1981), the court held:

> 'Discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires'. It evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.

Since *Dussouy*, the Fifth Circuit has repeatedly held that Rule 15(a) evinces a liberal amendment policy. *See, e.g., Lowrey v. Texas A & M University System*, 117 F.3d 242, 245 (5th Cir.1997) ("Rule 15(a) expresses a strong presumption in favor of

---

with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed.R.Civ.P. 15(a).

liberal pleading"); *Nance v. Gulf Oil Corporation*, 817 F.2d 1176, 1180 (5th Cir.1987) ("Federal Rule 15(a) counsels a liberal amendment policy"); *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir.1986) ("The policy underlying Rule 15(a) is one in favor of liberal amendment."); *Foster v. Daon Corporation*, 713 F.2d 148, 152 (5th Cir.1983) (the purpose of Rule 15(a) "is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves"); *Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1163 (5th Cir.1982) (district courts should err on the side of allowing amendments), cert. denied, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). A motion to amend, therefore, should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir.1998), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994).

Here, although the motion to amend indicates that defendant Javier Hernandez opposes the amendment, Mr. Hernandez has never formally opposed the motion. This matter has not been set for trial and there is no Scheduling Order in place. The undersigned can identify no apparent or declared reason – including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc. – that would warrant denying the motion. Considering the liberal amendment policy in this circuit, the

undersigned finds the amendment is proper.

Considering the foregoing, IT IS ORDERED that the Motion to Amend [Doc. 137] filed by plaintiff Harry Lee Boudreaux is hereby GRANTED.

Signed in Lafayette, Louisiana, this 23rd day of August 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE